DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CASE NO. 4:06 CR 270 |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | ANALYZING THE SENTENCING |
| | ) | FACTORS SET FORTH IN 18 U.S.C. |
| Jermaine L. Young, | ) | SECTION 3553(a) |
| Defendant. | ) | |

Introduction

The Court conducted the sentencing hearing of the defendant Jermaine L. Young. After granting the government's 5K1.1 motion for substantial assistance, the Court determined that the defendant's total offense level was 29 with a criminal history category of IV calling for a sentencing range under the advisory sentencing guidelines of 121 to 151 months. At the conclusion of the sentencing hearing, the Court sentenced the defendant to confinement for a period of 121 months with supervised release for a period of five years.

II.  The Analysis Required by 18 U.S.C. § 3553(a)

The Court sets forth its analysis of the sentencing factors required by *Booker* and the statutory guidance provided by 18 U.S.C. §3553(a) as follows:

**(a)  Factors to be considered in imposing a sentence.**

The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection.  The court, in determining the particular sentence to be imposed, shall consider -

(4:06 CR 270)

### (1) The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The offense conduct is set forth as follows:

> Beginning at least as early as March of 2005, and continuing through approximately June of 2006, Mr. Young was involved in a drug selling operation.  He obtained quantities of cocaine from a variety of dealers in Youngstown and Columbus, Ohio.  The defendant would then sell or "front" quantities of cocaine and cocaine base (crack) to other area drug dealers.  The defendant would also store quantities of cocaine and crack cocaine at a residence located at 4419 Howard Street, Youngstown, Ohio.
>
> On or about July 22, 2005, the defendant, having been previously convicted on July 3, 1995, of Aggravated Trafficking in Drugs in the Mahoning County Court of Common Pleas, did knowingly receive and possess, a Smith and Wesson, 9 mm pistol.

Mr. Young is a 30 year-old male with a criminal history dating back to 1993.  His record includes convictions for drug abuse, drug possession and trafficking, resisting arrest and theft. Mr. Young began using marijuana at age 16 and crack cocaine at age 25.  He admitted he is addicted to marijuana and cocaine.

Mr. Young obtained his GED through Community Correction Association in Youngstown, Ohio, and also attended courses at Youngstown State University.  He also reported having a welding degree from a trade school in Atlanta, Georgia.

Mr. Young's employment history is brief.  He reported being employed from 1996 to 1998 and from 2000 to 2002.

Mr. Young has a good relationship with his mother and siblings and will likely maintain contact with them if he is incarcerated.  He has never been married and has fathered seven children with five different women.

2

(4:06 CR 270)

The defendant's acceptance of responsibility is set forth in paragraphs 44 through 46 and 48 through 51.

> "I was involved with selling drugs in the Youngstown, Ohio area. The reason I was doing this was to support my drug habit and my seven children. I know this does not excuse my actions.
>
> "My criminal conduct was selfish and I now realize how much I hurt my family and my children. Not being there for my kids hurts them even more than it hurts me. I regret hurting my kids this way." [sic]

An additional written, signed statement was received from the defendant on October 3, 2006 as follows:

> "Allow me to start first by apologizing to this court; I was involved with selling and dealing drug throughout the Youngstown, Ohio area to support my own drug habit. I always thought that by me selling drugs would help me to not only support my drug habit but take care of my family outside of my employment, but it didn't, what it did was get me into trouble with police, community and especially my family.
>
> "My criminal conduct was selfish and I now realize just how much I truly hurt my family and my children also I finally realized, that now that I am trying to change my life around, is that I have seven beautiful children who need their father in their lives and I am going to do just that, be there for them.
>
> "I want to use this time in prison to prove my education and skills so upon release I can get a good job to support my children. Also, I want to take full advantage and benefit from the drug program, so that I can deal with my addictions.
>
> "In conclusion, I'll never give up hope because I am where I am today because I refused to try and change my life, but today I am determined to change my life, so that I can be a father to my children, I realize the anger and pain I brought to my family and the community due to my criminal conduct and I know that now is the time for me to change all the bad to good, so that upon my

3

(4:06 CR 270)

> release from prison I can be there for my children and wish respect
> I ask that this court be leninient in sentencing me." [sic]

**(2) The Need for the Sentence Imposed**

**(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;**

The defendant's involvement in the sale of cocaine is extensive. His criminal conduct is part and parcel of the plague that cocaine has visited upon many phases of community life, especially in urban America. A substantial sentence is necessary to promote respect for the law, reflect upon the seriousness of the offense and to provide just punishment for the criminal conduct.

**(B) to afford adequate deterrence to criminal conduct;**

A lengthy sentence is necessary but the impact of the sentence upon the many children of the defendant is difficult to calculate. Whether the defendant will ever play a role of any consequence in the lives of his seven children is problematical. One can only hope that the defendant, afer a lengthy period of incarceration, will decide that a continuing course of criminal conduct on his part will not be either in his best interest or the best interest of his children. But to this point in the defendant's life, it is obvious that the welfare of his children has not been high on his list of priorities.

**(C) to protect the public from further crimes of the defendant;**

The lengthy sentence imposed may or may not protect the public from further crimes of the defendant. The only certain thing is that the defendant will not be engaged in the sale of drugs while incarcerated.

(4:06 CR 270)

> **(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;**

This branch of the Court has had the opportunity to visit numerous federal prisons. In every prison that the Court has visited, there has been the opportunity for the incarcerated prisoner to increase his or her education and develop skills in Prison Industries that will enable the prisoner to find gainful employment release. Moreover, the defendant will also have the opportunity to engage in drug rehabilitation treatment to assist in overcoming his addictions.

## CONCLUSION

A sentence of 121 months with supervised release for a period of five years is within the advisory guideline range and is a sentence sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553(a)(2).

IT IS SO ORDERED.

| | |
|---|---|
| October 27, 2006 | /s/ David D. Dowd, Jr. |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |